**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

**CV 22 - 42 11**

-------------------------------------------------------------------------------------X

HUMBERTO ANTONIO NUNEZ,

                                    Plaintiff,

    -against-

ERIC ADAMS, Mayor for the City of New York; ERIC GONZALEZ,

District Attorney for Kings County, New York; ISMAEL ZAYAS, New

York City Police Department's Investigator/Detective for Kings County

District Attorney's Office, and; J.P. MORGAN CHASE, (each are sued in

their individual and official capacities)

                                    Defendant(s).

-------------------------------------------------------------------------------------X

RECEIVED

JUL 18 2022

PRO SE OFFICE

GUJARATI, J.

HENRY, M.J.

**COMPLAINT**

COMES NOW, Plaintiff Humberto Antonio Nunez, pro se and brings this action against defendants Eric Adams, Eric Gonzalez and Ismael Zayas, and; J.P. Morgan Chase collectively "Defendants," and as grounds thereof alleges as follows:

I.        Introduction

1.    Humberto A. Nunez, hereinafter referred to as (Plaintiff") had been requested by a neighbor of over twenty years, one Ms. Rose Kane, on June 1st 2018, to manage her finances. Ms. Kane had over the years became close to Plaintiff and his family, who resided at 317 Willoughby Avenue, Brooklyn, New York and had sought his assistance regularly in caring for her property, which included shoveling

snow, grocery shopping and cleaning up around her property at 321 Willoughby Avenue, Brooklyn, New York.

2. Ms. Kane, who was still residing in her home at 321 Willoughby Avenue, Brooklyn, New York on June 1st 2018, executed a durable power of attorney under New York's General Business Law conferring, upon Plaintiff the authority to conduct all business transactions on her behalf including; any and all maintenance or repairs of the property at 321 Willoughby Avenue, Brooklyn, New York, as well, as banking.

3. That during the course of managing and maintaining  Ms. Kane's property, Plaintiff leased, with Ms. Kane's consent the property at 321 Willoughby Avenue, Brooklyn, New York to one Mahitima Baa on October 15th 2019.

4. On or about November 2019, Plaintiff was informed, by defendant ("Chase") that Plaintiff's Power of Attorney was terminated by the Courts via a Court Order.

5. Without any requisite notice, as mandated by law, from the state courts Plaintiff learned on or about July of 2021, following a visit from a United States Secret Service Agent Peck that Mr. Nunez 's  was being investigated for filing a response to a legal Matter referencing Ms. Kane,  filed in Kings County Supreme Court under index # **100277/2018** which addressed the erroneously removal Of Mr. Nunez's Power of Attorney without due process. Despite having received no response in (2) years from any of the (12) alleged parties of interest named in the service and mailing list, including the Courts and its officials.

6. Plaintiff received a text message on or about May 3rd 2022, from defendant Zayas instructing Plaintiff surrender himself to the defendant on May 10th 2022, to be arraigned on an indictment for alleged identity theft etc., Refer to Plaintiff's attached Exhibit No.1

7. Plaintiff was shocked to learn that he was, in fact, a target of what he and other members of

the African-American and minority communities in New York City were complaining of namely; that their properties were being taken from them by the state courts, financial institutions and wealthy developers as part of a discriminatory practice of ethnic regentrification.

8.   Furthermore, that such discriminatory schemes represent a pattern and practice in Brooklyn, New York and Harlem, New York, whereby defendants set upon homeowners of color terminating their durable power of attorneys and other legal contracts and/or instruments without any notice being served upon them as to why their statutory and constitutional rights are arbitrarily terminated.

9.   Plaintiff is a Indigenous Hispanic and represents a increasingly growing population of minorities, who have been discriminated against by defendants, while they act under the color of law, arbitrarily annulling, revoking and terminating their rights to do business, make and terminate contracts just as others in contravention of the United States Constitution and federal laws.

10.   Accordingly, Plaintiff commences this action against defendants to recover damages pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. Section(s) et seq., as amended, ("Section 1981"), as well, as 42 U.S.C. Sections 1983, 1985 and 1986 respectively.

### I.     Jurisdiction

11.   This Court has jurisdiction over this civil action pursuant to 28 U.S.C. Sec. 1331 because it arises under a statute of the United States, specifically Section 1981 of the Civil Rights Act of 1866, 42 U.S.C.  Sec.(s) et seq., as amended ("Section 1981") which forbids racial discrimination against any person in "making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

12.   Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. Sec. 1367(a) over any and all state law claims and causes of action that derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally-based claims

and causes of action.

II.    Venue

13. Venue is proper in this District pursuant to 28 U.S.C. Sec. 1391, subsections (b)(2)(c) and (d) because Defendant J.P. Morgan Chase, hereinafter ("Chase") is deemed by that statute to reside in any judicial district in which it is subject to the Court's personal jurisdiction with respect to this civil action, and/or in any district within New York within which its contacts would b e sufficient to subject it to personal jurisdiction if that district were a separate State. Defendants does a considerable and substantial l amount of business in this District, employs numerous persons within this District, and regularly solicits business from the citizens of this District. Upon information and belief, individual Defendant ("Chase") regularly conduct business within and from this District, serve and seek to serve the citizens of this District, maintain residence in this District, and otherwise purposely avail themselves of the benefits of this District. In addition, venue in this judicial district if proper because the incident in question occurred in this District and therefore a substantial part of the events or omissions giving rise to the claim occurred here.

III.    Parties

14. Plaintiff, Humberto Antonio Nunez, was and is a U.S. Citizen, over the age of twenty-one, And a person with standing to bring a claim under Section 1981.

15. Defendant Eric Adams, is the duly elected Mayor of the City of New York with his principal office being at City Hall, New York, New York 10007, 253 Broadway 10th flr, New York, NY 10007 and is the administrative- executive responsible for the appointment of City Commissioners, including the Commissioner of Police, and additionally responsible for implementing training, policy and procedures for the New York City Police Department, who Employs defendant Ismael Zayas, and assigned to the defendant Eric Gonzalez's office. Further, defendant Adams is a life-long resident of Brooklyn, New York,

having served as a police officer, police supervisor, State Senator and formerly Kings County Borough President, as such, he is well acquainted with the pattern and practices of discrimination against residents of color in New York City's housing market.

16. Defendant Eric Gonzalez, is and was at all times relevant to this Civil Rights Complaint, ("Complaint") the duly elected district attorney for Kings County, New York, address 350 Jay Street Brooklyn, NY 11201 and is responsible for the conduct of those assigned to his office, including the defendant Ismael Zayas his investigator/ detective. Further, defendant Gonzalez is aware that there exist a pattern and practice of minority persons of color being systematically removed from their homes as a result of realtors and developers relying upon his office and the courts to circumvent statutorily mandated procedures to arbitrarily terminate contracts and durable power of attorneys.

17. Defendant Ismael Zayas, is and was at all times relevant herein serving as an investigator -detective assigned to the office of defendant Gonzalez and was familiar with similar instances where home owners and those responsible for administering the estates of minority of color are routinely denied their constitutional and civil rights to make contracts, exercise the use of durable power of attorney under New York's General Business Law to deprive them of their homes, property and business contracts. At all times relevant to this ("Complaint") defendant Zayas was acting under color of law. Defendant Zayas maintains his principal office at 320 Jay Street, Brooklyn, New York 11201.

18. Defendant J.P. Morgan Chase, Inc. is a corporation with its principal place of business at 270 Park Avenue, New York, N.Y. 10172, as well, as numerous branch offices throughout the City of New York. The defendant does business in the State of New York and in the Eastern District of New York through its Retail Financial Services operating segment and through its websites, including but not limited to www.JPMORGANCHASE.COM. This defendant can be served with process through its registered agent, CT Corporation Systems, 111 Eighth Avenue, 13th Floor, New York, New York 10017.

defendant ("Chase") has a well established pattern and practice of discriminating against African-Americans customers and/or those seeking to do business with defendants, including termination of contracts, and the arbitrary cancelling and closing of accounts without affording them due process.

IV.     Factual Background and General Allegations

19. Plaintiff, Humberto Antonio Nunez provides in this section the general substance of certain factual allegations.

20. On the 1st day of June 2018, Plaintiff was requested and informed by Ms. Kane, that she has found him to be the only individual she trust to handle her affairs. She emphasized that there was no one that she could rely on to handle her affairs. She further expressed her deep appreciation of his assistance over the two decades of knowing Plaintiff, and would like for him to act as her agent and attorney in fact to continue to maintain her property, as well, as conduct other business related activities with her bank.

21. Ms. Kane, in order to help Plaintiff carry out her wishes, exercised her rights under New York's General Business Law, and under 42 U.S.C. 1981, and provided Plaintiff with a durable power of attorney, a copy of which is attached hereto as Plaintiff's exhibit no.2.

22. On or about July 9th 2019, approximately one year after contracting Plaintiff's services by a durable power of attorney, Ms. Kane was entered into an assisted care facility located at The Phoenix Rehabilitation and Nursing Center, 140 St. Edwards Street, Brooklyn, New York 11201.

23. That in the course of administering Ms. Kane's affairs the Plaintiff found it necessary to lease out Ms. Kane's property at Willoughby Avenue to one Mahitima Baa, who wanted to lease the property and agreed to terms and conditions.

24. Plaintiff was notified by defendant Chase in 2021,that his durable power of attorney was
terminated by a court order, of which Plaintiff had not received personal notice of in contravention of
New York law that requires he be served with such notice that his durable power of attorney may be
terminated. Such notice would have given Plaintiff an opportunity to answer, or otherwise
respond to a notice of termination. Upon information and belief the defendants have a pattern and
practice of circumventing the notice requirement and due process rights of African-American and
other non-white citizens in New York City in making revocation and termination of contracts, including
durable power of attorney. Kindly, refer to Plaintiff's herein attached Exhibit no. 2.

25. The defendants flagrant disregard for the rights of Plaintiff has been further exacerbated
by their commencement of an arbitrary, capricious and discriminatory malicious prosecution of Plaintiff
for alleged theft of identity, notwithstanding the well known fact that he was authorized to conduct
business for Ms. Kane.

26. In furtherance of their discriminatory conduct described herein defendant Zayas threatened
Plaintiff with forcible arrest, should he not voluntarily surrender himself to defendant on May 10th
2022.

27. Upon surrendering to the defendant Zayas, Plaintiff was brought before a justice of the State
Supreme Court, Kings County and arraigned on Indictment No. 71953/2022, alleging theft and larceny
by Plaintiff.

28. Plaintiff is being unlawfully alienated, burdened, slandered, defamed and discriminated
against by defendants for nothing more than exercising his rights under state and federal law as set
forth herein as a person of color.

## V.     CAUSES OF ACTION & DAMAGES

### COUNT I

### COMPENSATORY AND PUNITIVE DAMAGES PURSUANT TO 42 U.S.C. Sec. 1981

29. Plaintiff repeats, realleges, and fully incorporates each allegation contained in Paragraphs 1 Through 27 of this Complaint as though such allegations were fully set forth herein.

30. Plaintiff had a right under Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. Sec. 1981, et seq. to be free from discrimination based on race in the "making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of contractual relationship," including the relationship with Ms. Kane and consistent with the durable power of attorney executed under New York's General Obligation Law, Chapter 24-A, Article 5 Sections-1501A, which states in sum and substance:

> ["P]ower of attorney not affected by incapacity. 1. A
>
> Power of attorney is durable unless it expressly
>
> Provides that it is terminated by the incapacity
>
> Of the principal."

31. Defendants acted out of racial animus and in a conspiratorial manner to deprive plaintiff of rights under state and federal law to "make, perform, modify and terminate contracts, and enjoy the Benefits, privileges, terms, and conditions of a contractual relationship" as are white citizens.

32. Defendants denial of Plaintiff's federally protected rights and intentionally treated him in a base, criminal and subhuman manner, when terminating his durable power of attorney and business relationships. Their discriminatory and humiliating treatment of him were utterly unacceptable in a civilized society and were an affront to the values that society expects in the equal treatment of all persons, especially those who seek to enjoy the privileges of entering into contracts and business

with community banks under federal regulations. Moreover defendants various intentional acts that both wrongly denied and terminated plaintiff's power of attorney/contract are racially discriminatory and violative of the aforesaid federally protected rights and are unacceptable in civilized society.

33. The defendants are liable to Plaintiff jointly and severally for compensatory damages under 42 U.S.C. Sec. 1981 for their intentional acts and omissions that caused Plaintiff to sustain and endure Severe emotional distress, mental anguish, disgust, revulsion, nausea, embarrassment, disparagement, Shock, and utter humiliation in an amount of at least $3,000,000, or as determined by a trier of fact.

## COUNT II

### COMPENSATORY AND PUNITIVE DAMAGES PURSUANT TO STATE LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in Paragraphs 1 through 32 of this Complaint as though such allegations were fully set forth herein.

35. The aforesaid acts and omission by defendants were outrages and utterly intolerable in civilized society, were malicious and/or conducted with reckless indifference to the likelihood that emotional distress would result and were intentional towards Plaintiff and intended to cause him emotional distress. They therefore constitute the tort of intentional infliction of emotional distress.

36. Defendants personally acted with malice and reckless indifference towards Plaintiff's federally protected rights, singling him out, as a person of color as part of an on-going conspiracy to discriminate against him.

## COUNT III

### MUNICIPAL DEFENDANTS ACTIONS VIOLATED PLAINTIFF'S PROTECTED RIGHTS

**UNDER 42 U.S.C. 1983**

37. Plaintiff repeats, realleges, and fully incorporate by reference each and every allegation Contained in Paragraphs 1 through 35 of this Complaint as though such allegations were fully set Forth herein.

38. The aforesaid acts and omissions by defendants Adams, Gonzalez, Zayas were carried Out by them acting under color of law, and deprived plaintiff of rights under the United States Constitution and in violation of 42 U.S.C. 1983.

39. Defendants personally acted with malice and reckless indifference towards Plaintiff's Federally protected rights, singling him out for discriminatory treatment because he is a person Of color conducting business in an area that has a pattern and practice of excluding those of his Class from conducting business in Brooklyn, New York's real estate market. Defendants are each Liable to Plaintiff for compensatory damages in an amount of at least $10,000,000 or as to be Determined by a trier of fact.

## COUNT IV.

## COMPENSATORY AND PUNITIVE DAMAGES

### PURSUANT TO 42 U.S.C. 1985 and 1986

40. Plaintiff repeats, realleges, and fully incorporates each allegation contained in Paragraphs 1 through 38 of this Complaint as though such allegations were fully set forth herein.

41. Plaintiff had a right under Sections 1981 of the Civil Rights Act of 1866, as amended 42 U.S.C. 1981, et seq. to be free from discrimination based on his race in the "making, performance, modification And termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the Contractual relationship," including the relationship he had with Ms. Rose Kane, and that defendants

Actions described in the herein Complaint evidences a conspiracy to deprive him of such rights creating

Liability under 42 U.S.C. Sections 1985 and 1986.

42. The Defendants are liable to Plaintiff jointly and severally for compensatory damages under

42 U.S.C. Sections 1981 for their intentional acts and omissions that caused Plaintiff to sustain and

Endure emotional distress, mental anguish, disgust, revulsion, nausea, embarrassment, disparagement,

Shock, and utter humiliation, as well, as malicious prosecution in an amount of at least $10,000,000,

Of as determined by a trier of fact.

## V. DECLARATORY JUDGMENT

43. Plaintiff request that the Court issue a declaratory judgment against defendants for their

Having deprived Plaintiff of his guaranteed Constitutional Rights.

## VI JURY DEMAND

44. Plaintiff respectfully request trial by jury in this matter.

## VII PRAYER

45. WHEREFORE,  Plaintiff demands judgment against defendants ERIC ADAMS, ERIC GONZALEZ,

ISMAEL ZAYAS and J.P. MORGAN CHASE individually for damages of at least $3,000,000 for

Compensatory damages and at least $10,000,000 for punitive damages, or in an amount to be

Determined by the jury, and for such other and further relief as the Court shall deem just and proper.

Dated: July 16, 2022

Brooklyn, New York

Humberto Antonio Nunez,
Plaintiff, pro se
317 Willoughby Avenue
Brooklyn, New York
917 753 7642

I, HUMBERTO ANTONIO NUNEZ, Plaintiff herein state under penalty of perjury that the foregoing

statements set forth the ("General Background") section of my Complaint at enumerated paragraphs

nos. are true and correct.

Sworn to before me this                                         Humberto Antonio Nunez

/5 day of July 2022                                            Plaintiff, pro se

NOTARY PUBLIC

Galina Feldman
Notary Public, State of New York
No. 01FE6051186
Qualified in Kings County
Commission Expires November 20, 2022

New York State Unified Court System

## WebCriminal

## Case Details - Charges

### CASE INFORMATION

| | |
|---|---|
| Court: | **Kings Supreme Court - Criminal Term** |
| Case #: | **IND-71953-22** |
| Defendant: | **Nunez, Humberto** |

| Charge | Detail | | Disposition Sentence |
|---|---|---|---|
| PL 155.40 01 **\*\*TOP CHARGE\*\*** | **C Felony, 2 counts, Arrest charge, Not an arraignment charge** | | |
| | Description: | *Gr Lar 2nd:property Val&gt;$50000* | |
| | Count: | *2* | |
| PL 155.40 01 | **C Felony, 2 counts, Arrest charge, Not an arraignment charge** | | |
| | Description: | *Gr Lar 2nd:property Val&gt;$50000* | |
| | Count: | *1* | |
| PL 165.52 00 | **C Felony, 2 counts, Arrest charge, Not an arraignment charge** | | |
| | Description: | *Cpsp-2nd:value Of Prop &gt;$50000* | |
| | Count: | *3* | |
| PL 165.52 00 | **C Felony, 2 counts, Arrest charge, Not an arraignment charge** | | |
| | Description: | *Cpsp-2nd:value Of Prop &gt;$50000* | |
| | Count: | *4* | |

EXIT 1

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. |  2018082801363001008E871D |

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 8 |
|---|---|---|

**Document ID:** 2018082801363001  
Document Type: POWER OF ATTORNEY  
Document Page Count: 7

**Document Date:** 06-01-2018      **Preparation Date:** 06-04-2019

**PRESENTER:**  
DAVID STEIN  
199 LEE AVE  
BROOKLYN, NY 11221  
888-292-3031

**RETURN TO:**  
ROSE KANE  
321 WILLOUGHBY AVENUE  
BROOKLYN, NY 11205

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1912 | 53 | Entire Lot | 321 WILLOUGHBY AVE |

Property Type: DWELLING ONLY - 2 FAMILY

**CROSS REFERENCE DATA**

CRFN_____ *or* DocumentID_____ *or* _____ Year_____ Reel____ Page_____ *or* File Number_____

**PARTIES**

**PARTY ONE:**  
ROSE KANE  
321 WILLOUGHBY AVENUE  
BROOKLYN, NY 11205

**PARTY TWO:**  
HUMBERTO A. NUNEZ  
317 WILLOUGHBY AVE  
BROOKLYN, NY 11205

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 72.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed    06-04-2019 14:57  
City Register File No.(CRFN):  
**2019000173782**

*Annette M Jill*

*City Register Official Signature*

E X. 2

N.Y. Statutory Short Form Power of Attorney
Effective 09/12/2010


Judicial Title

# POWER OF ATTORNEY
## NEW YORK STATUTORY SHORT FORM

### (a) CAUTION TO THE PRINCIPAL:

Your Power of Attorney is an important document. As the "principal," you give the person whom you choose (your "agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you. You do not lose your authority to act even though you have given your agent similar authority.

When your agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest. "Important Information for the Agent" at the end of this document describes your agent's responsibilities.

Your agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your agent at any time. If you are revoking a prior Power of Attorney, you should provide written notice of the revocation to your prior agent(s) and to any third parties who may have acted upon it, including the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind. If you are no longer of sound mind, a court can remove an agent for acting improperly.

Your agent cannot make health care decisions for you. You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15. This law is available at a law library, or online through the New York State Senate or Assembly websites, www.senate.state.ny.us or www.assembly.state.ny.us.

If there is anything about this document that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

### (b) DESIGNATION OF AGENT(S):

I, __Rose Kane 321 Willoughby Avenue Brooklyn New York 11205__ , hereby appoint:
     [name and address of principal]

__Humberto A. Nunez  317 Willoughby Ave Brooklyn New York 11205__ as my agent(s)
     [name(s) and address(es) of agent(s)]

If you designate more than one agent above, they must act together unless you initial the statement below.

N.Y. Statutory Short Form Power of Attorney
Effective 09/12/2010



( __X__ ) My agents may act SEPARATELY.

## (c) DESIGNATION OF SUCCESSOR AGENT(S): (OPTIONAL):

If every agent designated above is unable or unwilling to serve, I appoint as my successor agent(s):

N/A
_____
[name(s) and address(es) of successor agent(s)]

Successor agents designated above must act together unless you initial the statement below.

( __X__ ) My successor agents may act SEPARATELY.

You may provide for specific succession rules in this section.  Insert specific succession provisions here:
N/A
_____
_____

**(d) This POWER OF ATTORNEY** shall not be affected by my subsequent incapacity unless I have stated otherwise below, under 'Modifications".

**(e) This POWER OF ATTORNEY** does not revoke any Powers of Attorney previously executed by me unless I have stated otherwise below, under "Modifications."

If you do not intend to revoke your prior Powers of Attorney, and if you have granted the same authority in this Power of Attorney as you granted to another agent in a prior Power of Attorney, each agent can act separately unless you indicate under "Modifications" that the agents with the same authority are to act together.

## (f) GRANT OF AUTHORITY:

To grant your agent some or all of the authority below, either
      (1) Initial the bracket at each authority you grant, or
      (2) Write or type the letters for each authority you grant on the blank line at (P), and initial the bracket at (P). If you initial (P), you do not need to initial the other lines.

I grant authority to my agent(s) with respect to the following subjects as defined in sections 5¬1502A through 5-I502N of the New York General Obligations Law:

( __X__ ) (A) real estate transactions;
( __X__ ) (B) chattel and goods transactions;
( __X__ ) (C) bond, share, and commodity transactions;
( __X__ ) (D) banking transactions;
( __X__ ) (E) business operating transactions;
( __X__ ) (F) insurance transactions;
( __X__ ) (G) estate transactions;

N.Y. Statutory Short Form Power of Attorney
*Effective 09/12/2010*

Judicial Title

( X ) (H) claims and litigation;

( X ) (I) personal and family maintenance. If you grant your agent this authority, it will allow the agent to make gifts that you customarily have made to individuals, including the agent, and charitable organizations. *The total amount of all such gifts in any one calendar year cannot exceed five hundred dollars;*

( X ) (J) benefits from governmental programs or civil or military service;

( X ) (K) health care billing and payment matters; records, reports, and statements;

( X ) (L) retirement benefit transactions;

( X ) (M) tax matters;

( X ) (N) all other matters;

( ) (O) full and unqualified authority to my agent(s) to delegate any or all of the foregoing powers to any person or persons whom my agent(s) select;

( ) (P) EACH of the matters identified by the following letters . You need not initial the other lines if you initial line (P).

**(g) MODIFICATIONS: (OPTIONAL)** In this section, you may make additional provisions, including language to limit or supplement authority granted to your agent.

However, you cannot use this Modifications section to grant your agent authority to make gifts or changes to interests in your property. If you wish to grant your agent such authority, you MUST complete the Statutory Gifts Rider.

_____

_____

_____

**(h) CERTAIN GIFTS TRANSACTIONS: STATUTORY GIFTS RIDER (OPTIONAL)**

In order to authorize your agent to make gifts in excess of an annual total of $500 for all gifts described in (I) of the grant of authority section of this document (under personal and family maintenance), you must initial the statement below and execute a Statutory Gifts Rider at the same time as this instrument. Initialing the statement below by itself does not authorize your agent to make gifts. The preparation of the Statutory Gifts Rider should be supervised by a lawyer.

( X ) (SGR) I grant my agent authority to make gifts in accordance with the terms and conditions of the Statutory Gifts Rider that supplements this statutory Power of Attorney.

**(i) DESIGNATION OF MONITOR(S): (OPTIONAL)**

IF YOU WISH TO APPOINT MONITOR(S), INITIAL AND FILL IN THE SECTION BELOW:

( X ) I wish to designate   N/A _____ , whose

address(es) is(are) _____ ,

_____

N.Y. Statutory Short Form Power of Attorney
Effective 09/12/2010


**Judicial Title**

as monitor(s). Upon the request of the monitor(s), my agent(s) must provide the monitor(s) with a copy of the power of attorney and a record of all transactions done or made on my behalf. Third parties holding records of such transactions shall provide the records to the monitor(s) upon request.

**(j) COMPENSATION OF AGENT(S): (OPTIONAL)** Your agent is entitled to be reimbursed from your assets for reasonable expenses incurred on your behalf. If you ALSO wish your agent(s) to be compensated from your assets for services rendered on your behalf, initial the statement below. If you wish to define "reasonable compensation", you may do so above, under "Modifications."

( **X** ) My agent(s) shall be entitled to reasonable compensation for services rendered.

**(k) ACCEPTANCE BY THIRD PARTIES:** I agree to indemnify the third party for any claims that may arise against the third party because of reliance on this Power of Attorney. I understand that any termination of this Power of Attorney, whether the result of my revocation of the Power of Attorney or otherwise, is not effective as to a third party until the third party has actual notice or knowledge of the termination.

**(l) TERMINATION:** This Power of Attorney continues until I revoke it or it is terminated by my death or other event described in section 5-1511 of the General Obligations Law.

Section 5-1511 of the General Obligations Law describes the manner in which you may revoke your Power of Attorney, and the events which terminate the Power of Attorney.

N.Y. Statutory Short Form Power of Attorney
Effective 09/12/2010


Judicial Title

### (m) SIGNATURE AND ACKNOWLEDGMENT:

In Witness Whereof I have hereunto signed my name on <u>June 1st</u>           ,2018   .

PRINCIPAL signs here: _____

State of New York
County of Kings                    ss.:

On the   1st day of June                    in the year 2018   before me, the undersigned,
personally appeared  Rose Kane                         , personally known to me or
proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their capacity(ies), and that by his/her their signature(s) on the instrument, the
individual(s), or the person upon behalf of which the individual(s) acted, executed the
instrument.

SEAL

_____
Signature and Office of individual taking acknowledgment

### (n) IMPORTANT INFORMATION FOR THE AGENT:

When you accept the authority granted under this Power of Attorney, a special legal relationship
is created between you and the principal. This relationship imposes on you legal responsibilities
that continue until you resign or the Power of Attorney is terminated or revoked. You must:

(1) act according to any instructions from the principal, or, where there are no instructions, in the
principal's best interest;
(2) avoid conflicts that would impair your ability to act in the principal's best interest;
(3) keep the principal's property separate and distinct from any assets you own or control, unless
otherwise permitted by law;
(4) keep a record or all receipts, payments, and transactions conducted for the principal; and
(5) disclose your identity as an agent whenever you act for the principal by writing or printing
the principal's name and signing your own name as "agent" in either of the following manners:
(Principal's Name) by (Your Signature) as Agent, or (Your Signature) as Agent for (Principal's
Name).

You may not use the principal's assets to benefit yourself or anyone else or make gifts to
yourself or anyone else unless the principal has specifically granted you that authority in this
document, which is either a Statutory Gifts Rider attached to a statutory Short Form Power of
Attorney or a non-statutory Power of Attorney. If you have that authority, you must act
according to any instructions of the principal or, where there are no such instructions, in the
principal's best interest. You may resign by giving written notice to the principal and to any co-
agent, successor agent, monitor if one has been named in this document, or the principal's
guardian if one has been appointed. If there is anything about this document or your
responsibilities that you do not understand, you should seek legal advice.

N.Y. Statutory Short Form Power of Attorney
Effective 09/12/2010



**Liability of agent:**
The meaning of the authority given to you is defined in New York's General Obligations Law, Article 5, Title 15. If it is found that you have violated the law or acted outside the authority granted to you in the Power of Attorney, you may be liable under the law for your violation.

**(o) AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:** It is not required that the principal and the agent(s) sign at the same time, nor that multiple agents sign at the same time.

I/we, __Humberto A . Nunez_____ , have read the foregoing Power of Attorney. I am/we are the person(s) identified therein as agent(s) for the principal named therein.

I/we acknowledge my/our legal responsibilities.

　　　Agent(s) sign(s) here: _____

State of New York
County of Kings　　　　　**ss.:**

On the 1st　day of June　　　　in the year 2018　before me, the undersigned, personally appeared **Humberto A . Nunez**　　　personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her their signature(s) on the instrument the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**SEAL**

_____
Signature and Office of individual taking acknowledgment

**(p) SUCCESSOR AGENT'S SIGNATURE AND ACKNOWLEDGEMENT OF APPOINTMENT:**

It is not required that the principal and the successor agent(s), if any, sign at the same time, nor that multiple successor agents sign at the same time. Furthermore, successor agents cannot use this Power of Attorney unless the agent(s) designated above is/are unable or unwilling to serve.

I/we, __N/A_____ , have read the foregoing Power of Attorney, I am/we are the person(s) identified therein as successor agent(s) for the principal named therein.

I/we acknowledge my/our legal responsibilities.

　　　Agent(s) sign(s) here: ． _____

N.Y. Statutory Short Form Power of Attorney
Effective 09/12/2010


Judicial Title

State of New York
County of            ss.:

On the      day of            in the year        before me, the undersigned,
personally appeared                    , personally known to me or
proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their capacity(ies), and that by his/her their signature(s) on the instrument, the
individual(s), or the person upon behalf of which the individual(s) acted, executed the
instrument.

_____
Signature and Office of individual taking acknowledgment

State of New York
County of            ss.:

On the      day of            in the year        before me, the undersigned,
personally appeared                    , personally known to me or
proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their capacity(ies), and that by his/her their signature(s) on the instrument, the
individual(s), or the person upon behalf of which the individual(s) acted, executed the
instrument.

_____
Signature and Office of individual taking acknowledgment

RETURN BY MAIL TO: